**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2016-0095, <u>In the Matter of Shawn Pelletier and Shawna Pelletier</u>, the court on October 17, 2016, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The petitioner, Shawn Pelletier (husband), appeals the final decree of the Circuit Court (<u>Lemire</u>, J.) in his divorce from the respondent, Shawna Pelletier (wife), arguing that the court erred in: (1) awarding the wife alimony of $800 per month for three years; (2) failing to credit him for payments he allegedly made to prepare the marital home for sale; and (3) failing to account for the wife's liquidation of her retirement account in its property division.

The husband first argues that the trial court unsustainably exercised its discretion in its alimony award. The trial court is afforded broad discretion in awarding alimony. <u>In the Matter of Nassar & Nassar</u>, 156 N.H. 769, 772 (2008). We will not overturn the trial court's decision absent an unsustainable exercise of discretion. <u>Id</u>. "Our role is not to review the alimony award <u>de novo</u>, but to determine only whether there is an objective basis sufficient to sustain the discretionary judgment made." <u>In the Matter of Kempton & Kempton</u>, 167 N.H. 785, 803-04 (2015) (quotation omitted). We will uphold its factual findings unless they are lacking in evidentiary support or erroneous as a matter of law. <u>Nassar</u>, 156 N.H. at 772.

The trial court may award a party alimony, either temporary or permanent, for a definite or indefinite period of time, if it finds that:

> (a) [t]he party in need lacks sufficient income, property, or both . . . to provide for such party's reasonable needs, taking into account the style of living to which the parties have become accustomed during the marriage; and (b) [t]he party from whom alimony is sought is able to meet reasonable needs while meeting those of the party seeking alimony, taking into account the style of living to which the parties have become accustomed during the marriage; and (c) [t]he party in need is unable to be self-supporting through appropriate employment at a standard of living that meets reasonable needs . . . .

RSA 458:19, I (Supp. 2015).

In this case, the trial court found that the wife lacks sufficient income to provide for her reasonable needs, that the husband has the ability to pay the alimony she needs while meeting his own reasonable needs, and that the wife is unable to be self-supporting through suitable employment. The record supports these findings.

The husband argues that the court erred in finding that he is able to meet his reasonable needs while paying the wife $800 per month in alimony. Using the husband's figures, his take home income is $3,592.62 per month, while the wife's take home income is $1,978.64 per month. Adjusting the parties' take home income by the amount of alimony payments, the husband's income will be $2,792.62 per month, and the wife's income will be slightly less, $2,778.64. At the time of the final hearing, the husband was living in an unencumbered home that he inherited from his grandparents. The wife, by contrast, was renting an apartment for $800 per month.

The husband argues that the wife, who has a bachelor's degree, is capable of earning a substantially higher income. At the time of the final hearing, she was earning $23,131.34 per year. She testified that her degree is in mental health and human services, that her primary employment experience has been in the education field, and that the most she ever earned was $23,000 per year. Based upon this record, we cannot conclude that the court unsustainably exercised its discretion in its alimony award. See Nassar, 156 N.H. at 772.

The husband next argues that the trial court unsustainably exercised its discretion in its property division by failing to credit him for payments he made to prepare the marital home for sale. We afford the trial court broad discretion in determining matters of property distribution when fashioning a final divorce decree. In the Matter of Henry & Henry, 163 N.H. 175, 183 (2012). We will not overturn the trial court's decision absent an unsustainable exercise of discretion. Id. If the court's findings can reasonably be made on the evidence presented, they will stand. Id. The record shows that the parties sold the marital home while the divorce was pending. The husband argues that he made numerous repairs and improvements to prepare the property for sale, and that the trial court erred in failing to adjust the property division to reimburse him for these expenses. The trial court determined that the husband's expenses were offset by his retention of income received from renting the property he inherited from his grandparents.

The temporary orders required the husband to "maintain any rental proceeds" and account for his rental income. At the final hearing, the husband admitted that he did not provide the wife with the required accounting, and that, although he gave her one-half of a $1,500 rent payment, he received an additional $2,400 in rent that he did not share because, he claimed, it "went to pay the mortgage" on the marital home. In addition, the trial court found that

2

the husband provided insufficient evidence to show that some of the claimed work was, in fact, performed. The record supports the court's findings. Based upon this record, we cannot conclude that the trial court unsustainably exercised its discretion in failing to adjust the property division to reimburse the husband for the claimed expenditures. See Henry, 163 N.H. at 183.

Finally, the husband argues that the trial court unsustainably exercised its discretion in its property division by failing to account for the wife's liquidation of her retirement account. He asserts that the wife withdrew $3,400 from the account. The wife testified that she withdrew the funds to pay legal fees when the husband informed her that he was planning to file for a divorce. Although the property division statute provides the trial court with discretion to consider acts that diminish the marital estate, see RSA 458:16-a, II(f) (2004), the trial court was not required to adjust the property division to account for the wife's withdrawal, see In the Matter of Sarvela & Sarvela, 154 N.H. 426, 431 (2006) (The trial court need not consider all of the statutory factors or give them equal weight.). It is for the trial court to determine a division of the estate that is "just" based upon the evidence presented and the equities of the case. In the Matter of Letendre & Letendre, 149 N.H. 31, 35 (2002). In this case, the trial court determined that a just division of the estate required, among other things, awarding the husband sixty percent of the value of the parties' largest asset, the unencumbered home he inherited. Based upon this record, we cannot conclude that the trial court unsustainably exercised its discretion by not adjusting the property division to account for the retirement account withdrawal. See Henry, 163 N.H. at 183.

<u>Affirmed</u>.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**